UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALBERT MERGET

    Plaintiff

vs.

GENE MOSS, et al

    Defendants

-------------------------

Case # 03-60896 CIV-MARRA/SELTZER

FILED by _____ D.C.
IN TAKE
AUG 11 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

PLAINTIFF's ADDITIONAL DOCUMENTATION THAT DEFENDANTS HAVE NOT SHOWN THE ABSENCE OF GENUINE ISSUES FOR TRIAL, THEREFORE DEFENSE MOTIONS FOR SUMMARY JUDGEMENT ARE FRIVOLOUS AND DESERVING OF SANCTIONS. FRCP 56 and 37.
-------------------------

Plaintiff verifies the following :

1. As the trial approaches MOSS/NEKRITZ/DRISCOLL have shown desperation by swithching lawyers. Recently,Michael Hamaway hired Anthony Horky to empathize with the jurors.

2. Mr.Horky apparently did not get the whole file from Hamaway and seeks to blame the plaintiff for their inefficencies. Many of the Documents that prove that MOSS/DUHAIME/LASCARI/SMITH/DRISCOLL/NEKRITZ schemed to deprive plaintiff and blacks and minors of integrated housing, originated with Hamaway and Moss's own signature and letterhead.

3. Additionally, Hamaway was served many times with said papers that Hamaway sent to the FLA.COMMISSION ON HUMAN RELATIONS. Now MrHorky lies to the court and states that he does not have copies of : (a) Lascari's letter to Moss of 4/22/03.
(b) The FCHR interview notes of 8/12/03 that show Hamaway and Lascari lied to investigator Tiffany Underwood.
(c) The letter from FLA.DIVISION OF CONSUMER SERVICES to THE KENSINGTON APTS. proving that MOSS,et al stole plaintiff's security deposit (4/15/03).

(d) Notes from Ms.UNDERWOOD of (FCHR) showing Hamaway again lying on 8/19/03 about Moss's injuries to plaintiff. (G) Hamaway's letter to Judge Spechler insisting that plaintiff should not receive an ADA reasonable accommodation. (dated February 17,2004,a week prior to the sham arbitration complained of in the housing discrimination complaint and never denied by Hamaway). (H) GENE MOSS's letter to Hamaway dated 4/24/03,wherein Moss falsely accuses plaintiff of "skipping out" the 1st week of December,2003 (while the rent was prepaid thru January of 2003.

4. EACH AND EVERY PLAINTIFF's EXHIBIT A-U was served on each defense team and asked to ADMIT OR DENY its genuineness. NONE of the defendants have admitted or denied said exhibits that would establish all of plaintiff's Complaint, therefore,the complaint is deemed proven and SUMMARY JUDGEMENT should be Ordered against each defendant.

5. Attached is a copy of a letter dated August 5,2005 from MICHAEL W.BECK of this court staff to plaintiff, noting that Hamaway gave false information on ADA rights. Said letter was copied to Hamaway and Steven Chackman, but they will probably deny receiving it.

6. Attached is a copy Stephanie Broder's letter to plaintiff of August 3,2005, short noticing a deposition for 8/10/05, somewhere in Broward County and providing the Insurance disclosures that were due two months ago AND belated "missing" pages from Lascari's incomplete Answers.

(2)

7. Discovery is not complete until August 30,2005 and it has shown the defense to have blocked discovery but plaintiff has learned that Moss/Lascari/Driscoll/Smith/Duhaime showed guilty efforts to cover up after the FCHR investigation. ITEM : Although defendants prevented plaintiff from living in integration from November of 2000 thru December of 2002, they managed to remedially recruit at least ten blacks during 2003 by changing their exclusionary/race based policies. This and more will convince a reasonable jury that defendants are guilty as charged, and worse. PLEASE SANCTION DEFENDANTS AND THEIR LAWYERS FOR FORCING PLAINTIFF TO OPPOSE THEIR FRIVOLOUS MOTIONS.

Certificate of Servive :   A copy of the above was served upon

| | | |
|---|---|---|
| Anthony Horky | and | Steven Chackman |
| MOMBACH BOYLE HARDIN | | BERNSTEIN & CHACKMAN |
| 500 E.Broward Blvd. | | POB 223340 |
| Ft.Laud. FL. 33394 | | Hollywood, FL. 33022 |

BY U.S.Mail

BY :
   ALBERT MERGET pro se
   POB 5541
   SUN CITY CENTER, FL. 33571

   (813) 633-4578   no fax

   AUGUST 8,2005

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Clarence Maddox**
Court Administrator • Clerk of Court

301 North Miami Avenue
Miami, Florida 33128-7788
(305) 523-5100

August 5, 2005

Albert Merget
P.O. Box 5541
Sun City Center, Florida 33571

Dear Mr. Merget:

This is in response to your letter dated August 2, 2005. Attached to your letter is a <u>Notice of Taking Video Deposition Duces Tecum in Aid of Execution</u>, in Broward County Case No. 03-7896 COCE (52). This Notice, prepared by Mr. Hamaway's law firm, lists me as the ADA Coordinator for this action. That error has been brought to Mr. Hamaway's attention.

I am the ADA Coordinator for the Ft. Lauderdale, West Palm Beach and Ft. Pierce Divisions of the United States District Court, Southern District of Florida. I have no jurisdiction over State court matters. The accommodations you seek as well as your request to cancel the deposition should be brought to the attention of Judge Spechler, the presiding officer in the matter for which the Notice was issued.

Sincerely yours,

Michael W. Beck
Northern Divisions Operations Manager

c: Michael Hamaway, Esq.
500 E. Broward Boulevard
Suite 1950
Fort Lauderdale, FL 33394-3079

Steven Chackman
P.O. Box 223340
Hollywood, FL 33022

---

*"It is our honor and duty to provide the support necessary to enable the Court as an institution to fulfill its constitutional, statutory, and societal responsibilities for all who seek justice."*

# BERNSTEIN, CHACKMAN & LISS
## ATTORNEYS AT LAW

JOEL E. BERNSTEIN
STEVEN J. CHACKMAN*
JONATHAN G. LISS
STEPHANIE A. BRODER
NINA DUBEY
VIRGINIA WOLF GILLIAM
CANAAN E. HIMMELBAUM
D. RENEE JENKINS
V. JULIA LUYSTER
KIERA L. O'CONNELL
ELAINE I. PARRIS
BONNIE M. SACK

*Board Certified Trial Attorney

E-mail: Admin@Bernstein-Chackman.com

**HOLLYWOOD OFFICE:**
1909 Tyler Street
Seventh Floor
P. O. Box 223340
Hollywood, FL 33022-3340
Telephone: (954) 986-9600
Facsimile: (954) 929-1166

**MIAMI-DADE OFFICE:**
44 West Flagler Street
Fourteenth Floor
Miami, FL 33130
Telephone: (305) 940-1900

**PALM BEACH OFFICE:**
515 Flagler Drive
Suite 200-P
West Palm Beach, FL 33401
Telephone: (561) 296-3742

REPLY TO: HOLLYWOOD OFFICE

August 3, 2005

Albert Merget
P.O. Box 5541
Sun City Center, Florida 33571

Re: **Albert Merget v. Ivan J. Smith Co., Inc., Nina Lascari, et al.**
Claimant: Albert Merget
Insured: Ivan J. Smith Co., Realtors
Claim No.: K007646
Our File No.: US-5875

Dear Mr. Merget:

Pursuant to our recent telephone conversation, enclosed is a copy of the Notice of Taking Deposition scheduled for August 10, 1005. Please note that the deposition is to occur in Broward County, and you are expected to appear.

I have also enclosed a copy of the insurance policy applicable to this lawsuit pursuant to your discovery request. Also enclosed is an additional copy of Nina Lascari's Answers to your Interrogatories.

Thank you for your attention to the above.

Sincerely,

Stephanie Broder

**Stephanie A. Broder**

SAB/st

Enclosures

REAL ESTATE AGENTS ERRORS AND OMISSIONS LIABILITY
THIS IS A CLAIMS MADE POLICY. PLEASE READ THIS POLICY CAREFULLY

**NEW**
Renewal of Number

**UNITED STATES LIABILITY INSURANCE COMPANY**
WAYNE, PENNSYLVANIA

040054
HOME OFFICE

No. REA1010854

**POLICY DECLARATIONS**

ITEM I.   NAMED INSURED AND PRINCIPAL ADDRESS
Ivan J. Smith & Co., Inc. Realtors
3350 East Atlantic Blvd.
Pompano Beach, FL 33062

ITEM II.  POLICY PERIOD: (MM/DD/YYYY)
FROM 11/1/2003 TO 11/1/2004

12:01 AM STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

ITEM III.  COVERAGE:              LIMITS OF LIABILITY:            PREMIUM:
A. Professional Services     $1,000,000  Aggregate         $3,868
B. Discrimination            $150,000    Aggregate         Included
C. Lock Box                  $25,000     Aggregate         Included
D. Mold Sublimit             NOT         PURCHASED

All Combined Coverages       $1,000,000  Total Policy Aggregate   $3,868  Total Policy Premium

ITEM IV. DEDUCTIBLE:          $2,500      EACH AND EVERY CLAIM

ITEM V. THE NAMED INSURED IS A(N):  **Corporation**

ITEM VI. RETROACTIVE DATE:    1/1/1969
If a date is indicated, this insurance will not apply to any negligent act, error, omission or personal injury resulting in the rendering or failure to render Professional Services, including Discrimination, Lock Box, and Supplementary Coverage which occurred before such date.

**NOTICE**
THIS IS A CLAIMS MADE POLICY AND UNLESS OTHERWISE PROVIDED HEREIN, THE COVERAGE OF THIS POLICY IS LIMITED TO LIABILITY FOR CLAIMS WHICH ARISE FROM THE RENDERING OR FAILURE TO RENDER PROFESSIONAL SERVICES SUBSEQUENT TO THE RETROACTIVE DATE STATED IN THE DECLARATIONS AND PRIOR TO THE CANCELLATION, TERMINATION, OR EXPIRATION OF THE POLICY PERIOD AND WHICH ARE FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY IN WRITING DURING THE POLICY PERIOD OR EXTENDED REPORTING PERIOD, IF ANY.

ITEM VII. Coverage Form(s)/Part(s) and Endorsement(s) made a part of this policy at time of issue:

DNOTIC (12-02) Disclosure Notice of Terrorism Insurance Coverage
RE-324 (4-00) Internet Coverage Extension Endorsement
REA-REV (12-02) Real Estate Errors and Omissions Application
RE-325 (12-02) Amendment of Prof. Services Excl. Endorsement
USL-REA (5-95) Policy Jacket
RE-333 (1-03) Mold,Fung,Bact.,Virus and Organic Path. Cov. Endt.
RE-310 (6-95) Amendment of Deductible Endorsement
REA-FL (10-96) Florida State Amendatory Endorsement
RE-311 (1-99) Personally Owned Property Endorsement

Date Issued:  1/30/2004

Agent:  **REAL ESTATE SUPPORT SYSTEMS, INC. [1291]**

By _Thomas P. Kerney_
Authorized Representative

USL-REA (6/95)

April 22, 2003

Dear Mr. Moss:

This note is to confirm that I was with Sandra Driscoll in Mr. Duhaime's office when Mr. Albert Merget came in and asked for a copy of his lease. Mrs. Driscoll told him that a copy has to be made at the print shop since no copier is on the premises.

Nothing else was said to Mr. Merget regarding his lease. Mrs. Driscoll did not say at anytime that he had no lease.

Nina Lascari

PLAINTIFF's EXHIBIT A

Case # 03-60896 CIV-MARRA

PLAINTIFF's EXHIBIT B          Case # 03-60896   CIV-MARRA

---

WITNESS Hamaway, Michael
Date of Interview: August 12, 2003
Type of Interview: Telephonic
Interviewer: Underwood, Tiffany R.

Mr. Hamaway called about my document request. He does not understand why I need the OPT-OUT request. He is not willing to provide this document pending medical release and proof of disability.

I informed him the other documents were not due until the August 29, 2003 but that I was still in talks with legal regarding jurisdiction. I informed him I would get back to him when I had talked to the attorney.

WITNESS Lascari, Nina
Date of Interview: August 12, 2003
Type of Interview: Telephonic
Interviewer: Underwood, Tiffany R.

Ms. Lascari is the leasing agent for The Kensington. She stated that she had been a real estate agent for about 20+ years. She stated that neither she nor or company steers. When this investigator asked her about races at the Kensington, She stated someone really sat by the pool and watched the door, that person would see every shade of color of skin come through those doors. She stated that there are several ethnic groups in the buildings, there must be 30 different languages spoken there and there are people from every age group. She stated she is there 6 days a week.

She stated that on the MLS listing for rentals, it shows good credit is a must and the Kensington does a background check on every applicant.

She stated that Respondent has employees who speak Spanish, French and Greek.

When asked to described Repsondent-she stated he was, mild-mannered, soft-spoken, non-aggressive, meek and mild.



Florida Department of Agriculture & Consumer Services
CHARLES H. BRONSON, Commissioner
Tallahassee, Florida

April 15, 2003

Division of Consumer Services
2005 Apalachee Pkwy
Tallahassee, Florida 32399-6500
Phone: 1-800-HELP-FLA
URL: http://www.800helpfla.com

Refer To: 0304-14824 / JD

THE KENSINGTON APARTMENTS
1900 S OCEAN BLVD
POMPANO BEACH, FL 33062

Subject: ALBERT MERGET

The Division of Consumer Services has received a complaint involving your business alleging a violation of Florida Statutes, Chapter 83.49(3)(a). The Division of Consumer Services is required by law to review complaints for possible violations of state consumer protection laws. It is the policy of this office to protect consumers from unfair and deceptive trade practices, as well as to protect businesses from groundless complaints. As of July 1, 2001 this subsection; Chapter 83.49 (3)(a), was changed to read:

Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim?? If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the security deposit.

It appears from the enclosed complaint that the former tenant was not notified in accordance with the law. Upon reviewing the complaint, please state your position by completing and returning the enclosed Business Reply Form within 30 days. Additional pages may be attached if needed. If we do not receive a written response from you, our records will reflect that your business has refused to respond.

It is the policy of this office to assist both the Landlord and the tenant in resolving a complaint. Your cooperation and timely attention to this matter will be appreciated. If further information is needed to prepare a response, you may contact me at one of the telephone numbers listed below.

Enclosure

Sincerely,

*Joann Davis*

Joann Davis
Senior Consumer Complaint Analyst
850-410-3669 / 1-800-435-7352 (Florida Only)
E-mail: davisjo@doacs.state.fl.us

PLAINTIFF'S
EXHIBIT C

03-60896
CIV-MARRA

WITNESS Hamaway, Michael
Date of Interview: August 19, 2003
Type of Interview: Telephonic
Interviewer: Underwood, Tiffany R.

Respondent stated that Complainant abandoned the apartment in December 2002. I questioned him on what knowledge he had that the Complainant had abandoned. According to the lease, an apartment is not deemed abandoned if rent is current and tenant gives notice of absence. Such notice only has to be given if tenant is going to be gone longer than 15 days.

According to a bill that his client had given Complainant, December was current, and what other signs did they have that tenant had abandoned. Respondnet had no response.

I questioned him about the opt-out list. Respondent stated that the opt-out list was for tenants that did not want their apartments sprayed for whatever reason. But it was for pesticide's only.

When I questioned him about the spraying of complainant's apartment in December, he stated that it may have been sprayed, but that it was an accident.

PLAINTIFF's EXHIBIT D    Case # 03-60896    CIV-MARRA

# MOMBACH, BOYLE & HARDIN, P.A.

ATTORNEYS AT LAW

MICHAEL T. ARCHEY
CONRAD J. BOYLE
MICHAEL P. HAMAWAY
DAVID C. HARDIN
GEOFFREY S. MOMBACH
SCOTT J. REIT
GARY S. SINGER
CLAIBORNE P. TANNER
MARK R. WYSOCKI

BROWARD FINANCIAL CENTRE, SUITE 1950
500 EAST BROWARD BOULEVARD
FORT LAUDERDALE, FLORIDA 33394-3004

(954) 467-2200
TELECOPIER (954) 467-2210
BOCA RATON (561) 338-0400

February 17, 2004

Honorable Jay S. Spechler
Broward County Courthouse
201 Southeast Sixth Street
Room 425
Fort Lauderdale, Florida 33301

Re: The Kensington Associates v. Merget
Case No: 03-7896 COCE (52)

Dear Judge Spechler:

Enclosed please find a courtesy copy of our Objection and Motion to Strike Mr. Merget's most recent filing. Having also reviewed Mr. Merget's February 13, 2004 correspondence directed to the Court, together with the Order accompanying the correspondence, I must advise the court that the proposed orders are not unopposed. In addition, please allow this letter to serve as my client's objection to Mr. Merget's various requests to appear telephonically for the reasons that a telephonic appearance deprives both the Plaintiff and the finder of fact the opportunity to evaluate Mr. Merget's candor and credibility.

Respectfully submitted,

MOMBACH, BOYLE & HARDIN, P.A.

Michael P. Hamaway

MPH/thc
Enclosures
cc: Albert Merget
    Rhonda Hollander

PLAINTIFF's EXHIBIT G

Case # 03-60896 CIV-MARRA

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

THE KENSINGTON ASSOCIATES,                CASE NO: 03-7896 COCE (52)

    Plaintiff,

v.

ALBERT MERGET,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S AMENDED MOTION FOR ENTRY OF COURT
ORDER TO TAKE DEPOSITIONS AT THE BROWARD COUNTY COURTHOUSE**

THIS CAUSE came before the Court on Plaintiff, THE KENSINGTON ASSOCIATES' Amended Motion For Entry Of Court Order To Take Depositions At The Broward County Courthouse.

Upon due consideration of the Motion and the record, it is hereby

**ORDERED AND ADJUDGED** that the Motion is

_Denied w/ respect to Broward County. Plaintiff's deposition in aid of execution will be taken in a secure location in Hillsborough County the first week of September 2005. Defendant shall appear at his deposition in person._

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida this 4 day of August, 2005.

HONORABLE JAY S. SPECHLER

Copies furnished to:
Albert Merget, pro se
Anthony J. Horky, Esquire

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

THE KENSINGTON ASSOCIATES,

    Plaintiff,

v.

ALBERT MERGET,

    Defendant.
_____/

CASE NO: 03-7896 COCE (52)

## PLAINTIFF'S NOTICE OF CANCELLATION

Plaintiff, THE KENSINGTON ASSOCIATES, by and through its undersigned counsel and pursuant to the Florida Rules of Civil Procedure, files this Notice of Cancellation of its Video Deposition Duces Tecum in Aid of Execution of Defendant, ALBERT MERGET, currently scheduled in the instant matter for August 10, 2005 at 9:00 a.m.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 4th day of August 2005 to: Mr. Albert Merget, P. O. Box 5541, Sun City Center, Florida 33571.

           **MOMBACH, BOYLE & HARDIN, P.A.**
           *Attorneys for Plaintiff*
           Broward Financial Centre, Suite 1950
           500 East Broward Boulevard
           Fort Lauderdale, FL 33394-3079
           Telephone: (954) 467-2200
           Facsimile: (954) 467-2210

By: _____
           Anthony J. Horky, Esquire
           Florida Bar No: 0181064